IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | **8:16CR62** |
| v. | |
| FRANCISCO GOMEZ, | **ORDER** |
| Defendant. | |

Defendant Francisco Gomez ("Gomez") has filed a pro se motion for compassionate release (Filing No. 266) pursuant to 18 U.S.C. § 3582(c)(1)(A). That statute permits Gomez to move the Court to "reduce [his] term of imprisonment" for "extraordinary and compelling reasons." *Id.* § 3582(c)(1)(A)(i). But Gomez can only file such a motion *after* he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." *Id.*; *see also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (denying a defendant's motion under § 3582(c)(1)(A) because he did not give the BOP thirty days to respond to his request for compassionate release).

Gomez concedes he "has not exhausted his administrative remedies under the BOP process" but urges the Court to excuse that failure because that "process would take over 6 months to complete and the BOP is incapable of granting a timely administrative decision to relief during the Covid 19 emergency." In Gomez's view, statutory compliance is futile.

While the Court fully understands Gomez's concerns, the Court agrees with the Third Circuit that a defendant's failure to comply with the statutory prerequisites under § 3582(c)(1)(A) before asking for a reduction "presents a glaring roadblock foreclosing

compassionate release at this point." *Raia*, 954 F.3d at 597 (noting "the risks that COVID-19 poses in the federal prison system," but finding strict statutory compliance necessary, particularly given the "BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"). In light of the foregoing, Gomez's motion for compassionate relief is denied without prejudice to refiling after either of the statutory requirements is met.

    IT IS SO ORDERED.

    Dated this 30th day of April 2020.

                                          BY THE COURT:

                                          Robert F. Rossiter, Jr.
                                          United States District Judge