IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>FRANCISCO GOMEZ,<br><br>  Defendant. | 8:16CR62<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on defendant Francisco Gomez's ("Gomez") Second Emergency Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (Filing No. 268) due to COVID-19.[1] For the reasons stated below, Gomez's motion is denied.

I.   **BACKGROUND**

On April 17, 2018, Gomez pled guilty to conspiring to distribute and possess with intent to distribute fifty grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846. The Court sentenced Gomez to 77 months in prison, followed by 5 years of supervised release.

Gomez filed the present motion on May 11, 2020, seeking compassionate release based on COVID-19. In support of his motion, Gomez attached a response from the warden at FPC Yankton, the prison where Gomez is currently held. Dated April 20, 2020, the response states that Bureau of Prisons ("BOP") "staff are urgently reviewing all inmates to determine which ones meet the criteria established by the Attorney General" for increased use of home confinement. Describing the "extraordinary measures" the BOP is taking to "contain the spread of COVID-19 and treat affected inmates" and acknowledging Gomez's concerns, the warden concluded Gomez's concerns did "not currently warrant an early release from [his] sentence."

---

[1]The Court denied Gomez's first motion to reduce (Filing No. 266) on procedural grounds (Filing No. 267).

On June 9, 2020, the Court appointed the Federal Public Defender for the District of Nebraska to represent Gomez in this matter. His counsel has filed a comprehensive brief (Filing No. 279) in support of Gomez's motion and provided BOP medical records. The Court also ordered the U.S. Probation and Pretrial Services Office to investigate Gomez's request and prepare a report, which was filed under seal on June 25, 2020 (Filing No. 273).

The Court has carefully considered those materials, Gomez's motion and supporting documentation, the government's brief in opposition (Filing No. 272), and the sentencing record in this case in deciding the motion.

## II. DISCUSSION

### A. Procedural Requirements for Judicial Review

The "compassionate release" provision of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018), codified at 18 U.S.C. § 3582(c)(1)(A), allows Gomez to move for a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." Gomez maintains he has met this statutory requirement because thirty days have passed since the warden denied his request for home confinement.

Without acknowledging key recent decisions on this precise issue, *see*, *e.g.*, *United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *1-2 (D. Neb. May 26, 2020); *United States v. Gilmore*, 8:16CR62 (D. Neb. June 1, 2020), the government argues Gomez's motion "fails to meet the jurisdictional requirements of § 3582(c)(1)(A)" because he "has not represented or proven to this Court that he has appealed the Warden's April 20, 2020, decision." The Court again rejects the government's exhaustion argument as inconsistent with language and purpose of the First Step Act. The government does not deny thirty days have passed since Gomez requested relief from the warden. That is enough. *Jenkins*, 2020 WL 2814437, at *2.

### B. No Extraordinary and Compelling Reasons for Relief

With that, the Court turns to the merits of Gomez's request for compassionate release. To qualify for relief under § 3582(c)(1)(A)(i), Gomez must demonstrate "extraordinary and compelling reasons" to reduce his sentence. In deciding whether to grant a reduction, the Court must consider the factors set out in 18 U.S.C. § 3553(a) as applicable, including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id.*

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure any relief is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The first application note to § 1B1.13,[2] lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1. The defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3; *see also United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020).

After careful review, the Court finds Gomez has not shown "extraordinary and compelling reasons" to reduce his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). With a

---

[2]This policy statement predates the First Step Act and does not govern the Court's review of a defendant's request for compassionate release, but the Court nonetheless finds it helpful in deciding whether to grant relief. *See Jenkins*, 2020 WL 2814437, at *3.

3

projected release date of May 8, 2024, Gomez has served less than a third of his 77-month sentence for selling methamphetamine.

Gomez, who is 41 years old, states he "has a list of conditions that put him at a high risk of complications from COVID-19," including epilepsy and Type 2 diabetes.[3] He also reports he has hypertension, high cholesterol, and a thyroid condition.

Gomez has completed education programs in prison and reports he has not received any disciplinary reports during his current term of imprisonment. Those are positive steps. But the Court remains concerned about deterrence and protecting the public from further crimes by this defendant, who has an extensive criminal history that includes serious crimes against others and a revocation of a prior term of supervision.

Gomez contends the BOP "cannot adequately protect [him] from contracting COVID-19 at FPC Yankton." He requests a sentence of time served or home confinement.

COVID-19 undoubtedly presents a very serious threat and there are, of course, no guarantees. But the government aptly recounts the extensive efforts the BOP has taken in response to the threat of COVID-19. Indeed, the probation office reports that as of June 23, 2020, FPC Yankton has no inmates or staff testing positive for COVID-19.

In contrast, Gomez's wife, to whose home he is requesting his release, has been quarantined at her home due to COVID-19 concerns. She also reports she has four family members who have tested positive. Gomez acknowledges that his wife and son both have health problems. The record also indicates his wife, who was a codefendant in this case,

---

[3]Gomez describes his condition in detail, explaining that "[e]ven with insulin therapy and other medications, his diabetes is not under control." The government, in contrast, argues his "medical conditions are being controlled by medication as necessary" and points out that Gomez does not comply with dietary and nutritional guidelines designed to help control his diabetes.

4

continues to struggle with sobriety. The probation office does not support Gomez's proposed release plan.

Based on the foregoing, defendant Francisco Gomez's Second Emergency Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (Filing No. 268) is denied.

IT IS SO ORDERED.

Dated this 17th day of July 2020.

BY THE COURT:

*Robert F. Rossiter, Jr.*
Robert F. Rossiter, Jr.
United States District Judge